## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT BRUCE TRACY,

      Plaintiffs,

    v.                                                                      Civil Action No. 16-651 (RDM)

UNITED STATES OF AMERICA, et al.,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss *pro se* plaintiff Robert

Tracy's amended complaint.  Dkt. 15.  After the Court *sua sponte* dismissed Tracy's original

complaint without prejudice for "fail[ure] to comply with the requirements of [Federal Rules of

Civil Procedure] 8(a) and 12(b)(6)," *see* Dkt. 7 at 3, Tracy filed an amended complaint against

the United States, the Federal Bureau of Investigation ("FBI"), the Department of Justice, and

various unnamed individuals and businesses for violations of the Privacy Act, the Stored

Communications Act, and Title III, as well as for the common law claims of conspiracy and

intrusion upon seclusion, *see* Dkt. 9.

The Defendants now move to dismiss the amended complaint under Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Dkt. 15.  For the

reasons explained below, the Court will grant Defendants' motion to dismiss for failure to state a

claim under Rule 12(b)(6).

## I. BACKGROUND

For the purpose of the pending motion to dismiss, the allegations of fact contained in the amended complaint are taken as true.  *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

Although the exact timeline of events is unclear, it appears that in the middle of 2014 Tracy and his wife believed they were the targets of mail fraud relating to his wife's candidacy for a leadership position with a local union.  *See* Am. Compl. ¶ 7; *see also Tracy v. U.S. Dep't of Justice,* 2016 WL 3248185, at *1 (D.D.C. June 10, 2016).[1]  After reporting the fraud to the United States Postal Service, Tracy claimed the couple began to receive "thinly veiled threats from 'third parties.'"  *Tracy*, 2016 WL 3248185, at *1.  In June 2014, Tracy raised his concerns about the alleged mail fraud and threats with the FBI's Las Vegas Field Office, and, in response, the FBI conducted interviews with Tracy and his wife on June 23, 2014, October 2, 2014, October 9, 2014, and November 20, 2014.  Am. Compl. ¶¶ 24–32.  In addition, Tracy made several phone calls to both the Department of Justice in Washington, D.C. and the FBI's Las Vegas Field Office.  *See* Dkt. 17-2 at 2–19; Am. Compl. ¶ 5.  During the course of the interviews and phone calls, the Tracys claimed that they were accosted, extorted, and threatened by unknown "Third Part[ies]" with ties to the "DHS" who disclosed "extortion, public corruption as well as interception and disclosure and/or dissemination of wire, oral, and/or electronic communications, surveillance/monitoring, [and] computer intrusion."  Am. Compl. ¶ 29.  Tracy further claims that at some point during the FBI interviews an agent "acknowledge[d]" that the couple was "seemingly under some form of surveillance and/or monitoring by some entity and/or

---

[1]  Tracy filed a related complaint under the Freedom of Information Act in 2015 alleging many of the same facts he includes in his amended complaint here.  The Court granted summary judgment to the defendant in that case earlier this year.  *See infra* at 3.

agency." *Id.* Ultimately, the Postal Service informed Tracy that it would not pursue his complaint, *Tracy*, 2016 WL 3248185, at * 1, and the FBI declined to "offer[] [any] victim assistance or protection for [Tracy] and his spouse," Am. Compl. ¶ 30.

"Convinced that the FBI knew more about the fraud, extortion, and surveillance than it was willing to reveal, Tracy and his wife each filed [Freedom of Information Act ("FOIA")] requests with the . . . Department of Justice." *Tracy*, 2016 WL 3248185, at *2. The FBI initially indicated that it was "unable to identify main file records responsive to" Tracy's request, and it simply failed to respond to his wife's request. *Id.* Tracy and his wife each then filed a separate FOIA action in this Court. After they did so, Tracy's wife received eight pages of redacted documents from the FBI. *See Tracy v. U.S. Dep't of Justice*, 117 F. Supp. 3d 1, 2 (D.D.C. 2015) (Chutkan, J.). The FBI moved for summary judgment, which the Court granted on the ground that the FBI's disclosure fulfilled its obligations under FOIA. *Id.* at 5. Similarly, after Tracy filed suit, the FBI produced four pages of responsive documents as well as a declaration from David M. Hardy, Section Chief of the FBI's Record/Information Dissemination Section, identifying and explaining several redactions in the response. *Tracy*, 2016 WL 3248185, at *2. As in the other case, the FBI moved for summary judgment, which the Court granted on the grounds that the FBI "conducted a reasonable and adequate search" and that the FBI "properly withheld information" under the Privacy Act and FOIA exemptions.[2] *Id.* at *7–10.

Tracy brought this action in April 2016. *See* Dkt. 1. In May 2016, the Court dismissed Tracy's original sixty-seven page complaint on the ground that it failed to satisfy Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. 7. Tracy then, with the Court's permission, filed an

---

[2] Tracy subsequently appealed this decision, which is currently pending with the U.S. Court of Appeals for the D.C. Circuit. *See Tracy v. U.S. Dept. of Justice*, 15–cv–0655, Dkt. 30, Notice of Appeal (June 15, 2016).

amended complaint.  Dkt. 9.  In the amended complaint, he alleges that Defendants surveilled, intimidated, and conspired against him and his wife.  Tracy further alleges that FBI personnel have acknowledged that "surveillance and/or monitoring, interception of wire, oral, and/or electronic communications of some form was occurring relative to Plaintiff and spouse."  Am. Compl. ¶ 4.  In addition, he alleges that "[c]ertain 'Third parties'" have detailed to him "with great specificity" the FBI's "dissemination" of personal information including "live surveillance video feeds" of Tracy and his wife "in various states of undress and marital relations."  Am. Compl. ¶ 8.  Based on these allegations, Tracy asserts that the United States, the FBI, the Department of Justice, twenty-five unnamed individuals, and twenty-five unnamed corporations violated his rights under the Privacy Act, 5 U.S.C. § 552a, the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and Title III, 18 U.S.C. § 2510 *et seq.*, and committed the common law torts of "intrusion upon seclusion" and "conspiracy."  *See* Am. Compl. ¶¶ 8–9.

Defendants once again move to dismiss, arguing that the Court lacks subject matter jurisdiction under Rule 12(b)(1) and, alternatively, that the amended complaint fails to state a claim under Rule 12(b)(6).  Dkt. 15.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," *Bickford v. Gov't of the United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011), and a court is "obligated to determine whether it has subject-matter jurisdiction in the first instance," *Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007).  Although "a *pro se* complaint is held to less stringent standards than other complaints," a *pro se* plaintiff still "bears the burden of establishing that the Court has subject-matter jurisdiction."  *Bickford*, 808 F. Supp. 2d at 179 (internal citations omitted).  As relevant to Defendants' motion,

"federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994); *Newbury v. Obama*, 681 F. Supp. 2d 53, 55–56 (D.D.C. 2010).

A motion to dismiss brought under Rule 12(b)(6), in contrast, is designed to "test[] the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In evaluating such a motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 678 (2009)) (alterations in original) (internal citation omitted). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).

### III. ANALYSIS

#### A.   Rule 12(b)(1)

The Court must first address Defendants' motion to dismiss for lack of jurisdiction. *See Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 513 (D.C. Cir. 2016) ("Federal courts cannot

address the merits of a case until jurisdiction—the power to decide—is established."); *see also*

*Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("Rule 12(b)(1) presents a threshold

challenge to the court's jurisdiction, whereas 12(b)(6) presents a ruling on the merits with res

judicata effect.").  Defendants argue that Tracy's amended complaint should be dismissed under

Rule 12(b)(1) because it is "frivolous" and amounts to no more than an "irrational conspiracy

theory."  Dkt. 15 at 4.  Tracy responds that he has submitted "enough factual evidence" to

overcome Rule 12(b)(1)'s "frivolous" standard, Dkt. 17 at 1–2, and that Defendants' charge that

the amended complaint amounts to a conspiracy theory "is nothing more than baseless personal

attacks," *id.* at 2.

The standard for dismissing a complaint for lack of jurisdiction based on frivolity is a

demanding one.  The claims in question must "be flimsier than 'doubtful or questionable'—they

must be 'essentially fictitious.'"  *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536–37.

Examples of claims that meet this high standard include "bizarre conspiracy theories," "fantastic

government manipulations of [the plaintiff's] will or mind," *id.,* and "'claims about little green

men, or the plaintiff's recent trip to Pluto, or experiences in time travel,'" *Tooley v. Napolitano*,

586 F.3d 1006, 1009–10 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 696 (Souter, J.,

dissenting)).  A Rule 12(b)(1) motion is not a substitute for a motion brought under Rules

12(b)(6) or 56—it neither tests the legal sufficiency of a complaint nor the factual basis for the

allegations contained in the complaint.

Here, Defendants have failed to show that the Court is without jurisdiction.  Tracy alleges

that Defendants engaged in unlawful surveillance of his residence and communications and

unlawfully shared that surveillance with "Third Parties"; that the FBI "unlawfully . . .

disseminated inaccurate [and] derogatory" information about him; and that it has unlawfully

maintained information about him that is unrelated to any legitimate agency purpose.  Am.

Compl. ¶ 39.  The problem with Tracy's amended complaint is not that these allegations are so

inherently bizarre that no rational person could believe them, but rather that it offers no non-

conclusory factual allegations to support the claims asserted.  That problem does not deprive the

Court of jurisdiction.  Defendants' motion to dismiss for lack of jurisdiction is, accordingly,

denied.

**B.      Rule 12(b)(6)**

The lack of meaningful factual allegations supporting Tracy's claims, however, does

require dismissal under Federal Rule of Civil Procedure 12(b)(6).  As the Supreme Court has

explained, "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its fact.'"  *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility," in turn, "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*  This is necessarily "a context-specific task

that requires the . . . [C]ourt to draw on its judicial experience and common sense."  *Id.* at 679.  It

also requires that the Court identify legal conclusions, even when "couched as . . . factual

allegation[s]," *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)),

and that it decline to extend the presumption of truth to such conclusory allegations, *Iqbal*, 556

U.S. at 678.  Finally, once the Court identifies the relevant factual allegations, it must assess

whether they are "enough to raise a right to relief above the speculative level."  *Twombly*, 550

U.S. at 555.

Applying these principles here, Tracy's amended complaint fails to include factual

allegations sufficient to state a claim.  Tracy alleges, for example, that Defendant's denial that

the FBI records "incoming phone calls from citizens or complainants" is "improbable, if not

unbelievable . . . in the era of the 'Patriot Act,'" Am. Compl. ¶ 23, but that allegation is—on its

face—speculative.  He alleges that "'FBI' personnel acknowledged that surveillance and/or

monitoring . . . was occurring relative to [Tracy] and [his] spouse," *id.* ¶ 4, and that FBI agents

told the Tracys that they were subject to some form of surveillance, *id.* ¶¶ 25, 29, but he fails to

allege that it was the FBI that was conducting the alleged surveillance, as opposed to some

unidentified third party.  Indeed, Tracy's allegation that an agent told him that he and his wife

were "*seemingly* under some form of surveillance and/or monitoring *by some entity and/or

agency*," *id.* ¶ 29 (emphasis added), appears to support the conclusion that it was not the FBI that

was conducting the alleged surveillance.  And, in any event, it is implausible, to say the least, to

infer from this limited allegation that the FBI was conducting unlawful surveillance of Tracy *and*

that the FBI informed him about its unlawful surveillance when the Tracys went to the FBI to

seek assistance as victims of an alleged mail fraud.  It thus follows that Tracy has failed to allege

claims for substantive or procedural violations of the Stored Communications Act, 18 U.S.C.

§ 2701 *et seq.*, or Title III, 18 U.S.C. § 2510 *et seq.*, or for intrusion upon seclusion or

conspiracy.

Other allegations in the amended complaint amount to little more than legal conclusions

"couched as . . . factual allegation[s]."  *Twombly*, 550 U.S. at 555 (internal quotation marks

omitted).  Tracy alleges, for example, that the FBI "shared surveillance video records with

'[t]hird [p]arties,'" including video showing the Tracys in "various states of dress and undress,

disrobing and marital relations."  Am. Compl. ¶ 38.  That allegation, however, contains no

greater factual content than the allegations that the Supreme Court treated as legal conclusions in

*Iqbal*.  There, for example, the Court held that the respondent's allegations that "petitioners

'knew of, condoned, and willfully and maliciously agreed to subject'" the plaintiff "to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest"; that Attorney General "Ashcroft was the 'principal architect' of this invidious policy"; and that FBI Direct "Mueller was 'instrumental' in adopting and executing it," amounted to no "more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Iqbal*, 556 U.S. at 680–81.  The same is true here.

This absence of non-conclusory allegations, then, leaves Tracy's corresponding claims without a "plausible" factual predicate. *Id.* at 678.  The amended complaint does not allege, for example, who made the purported video recording or to whom it was purportedly disclosed. Tracy would, presumably, have the Court infer that it was the FBI that made the alleged tape and that it disclosed it to some unauthorized person.  But the amended complaint does not allege any facts to support such an unlikely inference, nor is there any reason to believe that Tracy has a basis for making any such allegations.

Tracy's allegations that Defendants unlawfully disclosed records relating to the "victim reports" he filed with the FBI, Am. Compl. ¶ 38; that they "unlawfully and recklessly disseminated inaccurate, derogatory, demeaning, invasive and irrelevant information obtained from a protected system of records to 'third parties,'" *id.* ¶ 39; that they "may still maintain private information about" Tracy that is "not relevant to [Tracy's] victim reports" or the FBI's "investigation of any other criminal activity," *id.* ¶ 48; and that they have "failed to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records," *id.* ¶ 58, fail for the same reason.  Merely alleging that an unlawful disclosure was made to unidentified "[t]hird [p]arties," or that Defendants maintained records

unrelated to any legitimate investigation and failed to ensure the security of that and other

information, amount to no more than legal conclusions "couched as . . . factual allegation[s]."

*Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The amended complaint,

accordingly, contains no non-conclusory allegations that would support "the reasonable

inference"—or "plausible" conclusion—that Tracy is entitled to relief under the Privacy Act or

any of his other causes of action.[3] *Id.*

This then leaves only the question whether dismissal should be with or without prejudice.

As the D.C. Circuit has instructed, "the standard for dismissing a complaint with prejudice is

high," *Belizan v. Herson*, 434 F.3d 579, 583 (D.C. Cir. 2006), but "may be appropriate 'when a

trial court determines that the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency,'" *Elghannam v. Nat'l Ass'n of Bds. of Pharmacy*, 2016

WL 3919806, *3 (D.D.C. July 15, 2016) (quoting *Rollins v. Wackenhut Servs., Inc.* 703 F.3d

122, 131 (D.C. Cir. 2012). "[W]here the plaintiff has previously been granted leave to amend

and has subsequently failed to add the requisite particularity to its claims," moreover, "[t]he

district court's discretion to deny leave to amend is particularly broad." *Elghannam*, 2016 WL

3919806, at *3 (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

2009)).

Here, the Court has already afforded Tracy an opportunity to amend his complaint and

explicitly instructed him to provide the "factual basis or legal theories" necessary to support his

claims. Dkt. 7 at 2–3. As explained above, Tracy's amended complaint falls far short of

---

[3] Because Tracy has failed to offer any non-conclusory, factual allegations that would "allow[] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, the Court need not reach the remaining arguments raised in Defendants' motion to dismiss.

satisfying that directive.  The amended complaint does not suffer from a mere technical pleading error that might be remedied by granting further leave to amend.  Rather, it lacks a factual foundation that might reasonably support Tracy's claims.  The Court concludes that any additional attempts to plead sufficient facts would be futile, and, accordingly, dismisses Tracy's amended complaint with prejudice.

## CONCLUSION

For the reasons stated above, the defendants' motion is **GRANTED** and Tracy's complaint is hereby **DISMISSED WITH PREJUDICE**.  A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 18, 2016